## Collins v. Commonwealth.

(Decided September 20, 1912.)

### Appeal from Knott Circuit Court.

Local Option—Unlawful Possession of Spirituous Liquor—What Commonwealth Must Show in Prosecution For.—In a prosecution under section 2557b-2 of the Kentucky Statutes for unlawfully having spirituous liquor in one's possession, in Knott County, which was local option territory, for the purpose of selling it therein, it is essential for the Commonwealth to prove, among other things, that the liquor was in the possession of the accused within twelve months before the finding of the indictment, and within Knott County. A failure of proof in either respect is fatal.

STEWART & BAILEY for appellant.

JAMES GARNETT, Attorney General and M. M. LOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellant, Green Collins, was indicted, tried and fined $100.00 in the Knott Circuit Court for unlawfully having spirituous liquor in his possession, for the purpose of selling it in Knott County, where the local option law was in force. (Ky. Sts., sec. 2557b-2.)

The single ground assigned for a reversal of the judgment is, that the verdict upon which the judgment was based, is against the evidence. The Commonwealth

wholly failed to prove that the liquor was in Collins' possession within twelve months before the finding of the indictment, or within Knott County; and, as these facts were essential to the establishment of appellant's guilt, it necessarily follows that the verdict was without sufficient evidence to support it.

Judgment reversed and case remanded for a new trial.